UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| KEVIN J. BLEVINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:09-cv-1413-TWP-TAB |
| | ) | |
| SGT. D. PATTON, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**E N T R Y**

This civil rights action was dismissed on August 20, 2010 [Dkt. 71], based on the plaintiff's failure to obey an order of the court. The matter presently before the court is the plaintiff's motion for reconsideration filed on **November 16, 2011**, along with his notice of address change.

"Rule 60 regulates the procedures by which a party may obtain relief from a final judgment . . . . The rule attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done." 11 Charles Alan Wright and Andrew D. Liepold, **Federal Practice and Procedure** § 2851 (4th ed. 2008). "A Rule 60(b) motion permits relief from judgment [only] when it is based on one of six specific grounds listed in the rule." *Talano v. Northwestern Med. Faculty Found.,* 273 F.3d 757, 762 (7th Cir. 2001). A motion for relief from judgment pursuant to Rule 60(b) permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable

neglect, newly discovered evidence, and fraud. *American Federation of Grain Millers, Local 24 v. Cargill Inc.,* **15 F.3d 726, 728 (7th Cir. 1994)**. It also authorizes relief for "any other reason justifying relief from the operation of the judgment." Rule 60(b), **F.R.Civ.P.**

In order for a Rule 60(b) movant to obtain the relief requested, he must show that he had both grounds for relief, *Fed. R. Civ. P.* **60(b)(1)-(5)**, and a meritorious claim or defense. *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.,* **687 F.2d 182, 185 (7th Cir. 1982)**. His motion for reconsideration does not show either of these circumstances. Additionally, relief from judgment under Rule 60 is warranted "only upon a showing of extraordinary circumstances that create substantial danger that the underlying judgment was unjust." *Margoles v. Johns,* **798 F.2d 1069, 1073 (7th Cir. 1986)**. Blevins' motion does not establish or even suggest that this is the case here. Finally, reinstatement is not an available avenue when, as here, a case is dismissed without prejudice. Rather, "after a dismissal without prejudice, the plaintiff can resurrect his lawsuit only by filing a new complaint." *U.S. v. Ligas*, **549 F.3d 497, 503 (7th Cir. 2008)** (noting that "[t]here is a difference between dismissing a suit without prejudice and dismissing a suit with leave to reinstate").

For all of the foregoing reasons, therefore, the plaintiff's motion for reconsideration [Dkt. 84] is denied.

**IT IS SO ORDERED**.

Date: _1/25/2012_____

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**Bruce Benjamin Paul**
**STITES & HARBISON, LLP**
**bpaul@stites.com**

**Kevin J. Blevins**
**1009 Manck Drive**
**Ft. Wayne, IN   46814**